UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHEN CANG CHEN, by and through his Successor in Interest, You Jian Chen; YOU JIAN CHEN, individually; YOULI CHEN YUE, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ARCH SPECIALTY INSURANCE COMPANY, a Missouri Corporation; BEACON HEALTHCARE SERVICES, INC. dba NEWPORT BAY HOSPITAL, a California corporation; and DOES 1 through 30,<br><br>Defendants. | No.:  2:22-cv-00527-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit for declaratory relief, Plaintiffs seek a judicial determination that a policy of liability insurance issued by Defendant Arch Specialty Insurance Company ("Arch") provides coverage for acts and omissions of Arch's insured, Defendant Beacon Healthcare Services dba Newport Bay Hospital ("Beacon").  Plaintiffs are the son and daughter of Zhen Cang Chen, a patient who died while in the care of Newport Bay Hospital.[1]

---

[1] Plaintiff You Jian Chen sues both individually and as Successor in Interest to his father.

1

Plaintiff's lawsuit was initially filed in the Sacramento County Superior Court and was removed here pursuant to diversity of citizenship pursuant to 28 U.S.C. § 1332 on grounds that Plaintiffs are citizens of California and Utah, respectively, and Arch is a corporation organized and existing under the laws of the State of Missouri that maintains its principal place of business in New Jersey.[2]

Presently before the Court is Plaintiffs' Motion to Remand this action back to state court where it originated. Assuming that the Court has subject matter jurisdiction (Plaintiffs do not dispute diversity of citizenship for purposes of their Motion), Plaintiffs argue that the Court should nonetheless decline to exercise jurisdiction based on its own discretionary authority to do so. As set forth below, Plaintiffs' Motion is DENIED [3]

## BACKGROUND

Plaintiffs' decedent, 92-year-old Zhen Cang Chen ("Decedent") died on October 28, 2018, while a patient at Newport Bay Hospital, a locked, inpatient psychiatric hospital operated by Beacon and located in Newport Beach, California.

According to the underlying state court action filed in Orange County, Decedent, who suffered from numerous conditions including dementia, stroke, Parkinson's Disease, weakness and difficulty chewing and swallowing, was transferred on October 22, 2018, from the nursing home where he had previously resided to Newport Bay Hospital based on behavioral problems. Although Beacon allegedly knew about Decedent's difficulty chewing and swallowing, three days later Decedent choked on food while left unattended. He died shortly thereafter due to oxygen deprivation allegedly occasioned by Newport Bay Hospital's "neglect and abuse." See Def.'s Notice of Removal, Ex. A, ECF No. 1-1, Complaint for Damages, ¶¶ 2, 18, 22-25. Plaintiffs subsequently filed the

---

[2] Arch contended that Beacon was improperly named as a defendant in Plaintiffs' declaratory relief action such that its citizenship is properly disregarded.

[3] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

underlying personal injury lawsuit, which alleges both wrongful death and Elder Abuse and Neglect pursuant to Cal. Welf. & Inst. Code § 15600, et seq., on April 22, 2019. See id.

While Arch, as Beacon's liability insurer, has provided a defense to Plaintiffs' underlying lawsuit, it has done so under a reservation of rights due to certain limitations on its primary coverage for claims related to "abuse or molestation," and exclusions in its umbrella coverage for such claims. Defs.' Opp., ECF No. 8, 3:26-4:14. Although Arch states that "for years" Beacon did not dispute its coverage position in that regard, once it did so Arch sought declaratory relief in the Central District of California on February 25, 2022, to determine the defense and indemnity obligations it owed to Beacon in the underlying action. In the meantime, on February 2, 2022, Plaintiffs had filed their own declaratory relief action in Sacramento County Superior Court, even though they had obtained no judgment against Arch, as Beacon's insurer, permitting them to do so.

Arch contends that under well-settled law, third-party tort claimants like Plaintiffs cannot maintain a direct action without first having a judgment against and assignment from the alleged tortfeasor, here Beacon. Id. at 7:3-10, citing Lewis vs. Liberty Mutual Ins. Co., 953 F.3d 1160, 1165 (9th Cir. 2020). As indicated above, Arch proceeded to timely remove that lawsuit to this Court, and Plaintiffs now move to remand, arguing that this Court should exercise its discretion to decline to exercise federal jurisdiction over Plaintiffs' declaratory relief lawsuit.

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, s defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has

3

federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States, [or] citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

## ANALYSIS

In moving to remand, Plaintiffs concede that their request "is solely premised on this court's discretionary authority," conceding that "[a]t this juncture, Plaintiffs take no position with respect to subject matter jurisdiction," which as stated above is premised on diversity of citizenship. Pls.' Mot., 3: 15-17.  Their argument for such discretionary remand is based on the Ninth Circuit decision in Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800 (9th Cir. 2002), which Plaintiffs state is "controlling." Id. at 4:1.  Under Huth, a court has direction to remand a declaratory relief action if such action 1) will require a needless determination of state law, 2) will create duplicative litigation or 3) will encourage filing declaratory actions as a means of forum shopping.  Huth, 298 F.3d at 803, citing the so called "Brillhart factors" identified by the Supreme Court in Brillhart v.

4

Excess Ins. Co., 316 U.S. 491 (1942).

In Huth, after the insurer filed a federal declaratory relief action asking for a determination that its insured was not entitled first-party underinsured motorist benefits, the insured proceeded to file a similar lawsuit in state court requesting adjudication as to the same coverage.[4] Ultimately, after the state court action was removed on diversity grounds and both actions were consolidated in federal court, the district court remanded on grounds that it could exercise its discretion and decline to hear the case. In affirming that decision, the Ninth Circuit analyzed the so-called Brillhart factors enumerated above. It found that there was no risk of duplicative litigation since the court would either be disposed of entirely in state or federal court, depending on which forum was found proper. With respect to forum shopping, the Huth court found that that consideration to be a wash where one party preferred state resolution and the other preferred to litigate in federal court. Ultimately, although the court found no compelling need for state resolution of an open question of state law, it nonetheless did not find that the district court abused its discretion in declining jurisdiction. Id. at 803-04.

Despite Plaintiff's protestations to the contrary, Huth is not controlling. First, the case recognizes that, at bottom, whether to decline to exercise jurisdiction over a declaratory relief action is a matter left to the discretion of each particular court. Second, with respect to the Brillhart factors, as this court has already recognized, Arch cannot obtain a coverage determination in the underlying state wrongful death action, since "resolving the tort liability issues and the insurance contract obligations requires two separate filings," and consequently there is no duplicative litigation. Empire Fire and Marine Ins. Co. v. Broom, No. 2:05-cv-000716-MCE-DAD, 2005 WL 3081233 at *3 (E.D. Cal. Nov. 16, 2005).[5] In Huth, on the other hand, the issue was subject to resolution in

---

[4] As a first-party claim, the prohibition discussed above against filing an action against a third-party insurer prior to judgment against a third-party insured was inapplicable.

[5] Given the prohibition against a direct action against a third-party insurer prior to judgment against a third party insured like Beacon, the instant state court proceeding also appears unlikely to resolve the coverage issue.

either the state or federal proceedings. Additionally, because Arch is not a party to Plaintiff's underlying wrongful death action and cannot be, it cannot join Plaintiff's action. Moreover, given the prohibition against a direct lawsuit against a third-party insurer prior to judgment against a third party insured like Beacon, Plaintiffs' purported declaratory relief action here also appears unlikely to resolve the coverage issue, therefore negating any notion of forum-shopping on Arch's part in filing its own case in the Central District. Finally, to the extent Plaintiff is precluded from bringing a coverage action in the first place given the posture of the underlying litigation, that issue is not apt to raise any novel question of state law that state courts would be better equipped to adjudicate. Id.

In sum, then, this Court finds no reason to disclaim jurisdiction over the present declaratory litigation such that it would exercise its discretion and opt to remand this case.

**CONCLUSION**

For all the above reasons, Plaintiffs' Motion to Remand (ECF No. 4) is DENIED. IT IS SO ORDERED.

Dated: October 6, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE